People v Kasner (2025 NY Slip Op 50999(U))

[*1]

People v Kasner (Abraham)

2025 NY Slip Op 50999(U)

Decided on June 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570476/22

The People of the State of New York, Respondent,
against
Abraham Kasner, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Jonathan Svetkey, J., on speedy trial motion; Michael J. Gaffey, J., at trial and sentencing), rendered September 26, 2022, after a jury trial, convicting him of criminal mischief in the fourth degree, attempted assault in the third degree, and harassment in the second degree, and imposing sentence.

Per Curiam.
Appeal from judgment of conviction (Jonathan Svetkey, J., on speedy trial motion; Michael J. Gaffey, J., at trial and sentencing), rendered September 26, 2022, held in abeyance, and the matter remanded to Criminal Court for further proceedings in accordance herewith.
Defendant contends that his statutory right to a speedy trial was violated as a result of Criminal Court's allegedly improper denial of his motion to invalidate the certificate of compliance (COC). The record shows that defendant moved in April 2022 to invalidate the People's COC on the ground that the People failed to produce required discovery, primarily a police body camera photograph of the complaining witness. Criminal Court orally denied the motion on the ground that it violated a prior court order directing the parties to request a conference if they could not resolve a discovery dispute. Furthermore, "upon a review of the motion," Criminal Court concluded, that the People had made "a good faith effort to comply with their discovery obligations." 
"The key question in determining if a proper COC has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery'" (People v Bay, 41 NY3d 200, 211 [2023], quoting CPL 245.50 [1]). "[W]hile good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence" (People v Bay, 41 NY3d at 212).
Accordingly, it was error to use a good faith-only standard. The court, which did not have the benefit of any written opposition by the People, did not consider whether the People exercised due diligence within the meaning of CPL 245.50, that is, whether they made "'reasonable efforts' to comply with [the] statutory directives," and "'ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery'" (People v Bay, 41 [*2]NY3d at 211). We, therefore, remit for such determination, after further submissions, if warranted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 23, 2025